OPINION
This timely appeal arises from a Columbiana County Court of Common Pleas Judgment Entry finding that Appellant was a "sexually oriented offender" and subject to the registration requirements of R.C. Chapter 2950. For the following reasons, we affirm the judgment of the trial court.
On August 9, 1995, Appellant was indicted on four (4) counts of rape in violation of R.C. § 2907.02 (A) (1) (b), a first degree felony. Appellant was accused of engaging in fellatio with a nine (9) year old boy in the summer of 1991. On December 7, 1995, the prosecutor nolled the indictment and Appellant pled guilty to a prosecutor's information charging Appellant with one count of gross sexual imposition in violation of R.C. § 2907.05 (A) (4), with a physical harm specification. Appellant was informed of the consequences of his plea and signed a waiver of rights. The trial court accepted Appellant's guilty plea and on December 8, 1995, sentenced him to four (4) to ten (10) years of imprisonment.
Pursuant to the newly enacted sex-offender registration requirements found in R.C. Chapter 2950, the correctional facility in which Appellant was incarcerated recommended that Appellant be adjudicated a sexual predator. On July 24, 1997, the trial court scheduled a hearing to determine whether or not Appellant was a sexual predator, pursuant to R.C. § 2950.09 (C) (2).
On December 3, 1997, after numerous delays and continuances, the trial court determined without a hearing that Appellant was a sexually oriented offender and was subject to the registration requirements of R.C. Chapter 2950 upon his release from prison. Appellant's Motion to Reconsider the December 3, 1997 judgment was denied on December 10, 1997.
On December 22, 1997 Appellant timely appealed the trial court's Judgment Entry of December 3, 1997. Appellant asks that the judgment be reversed and that it be ordered that the registration and notification requirements of R.C. Chapter 2950 do not apply to him.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO APPELLANT AS APPLICATION OF THE STATUTE VIOLATES CRIMINAL RULE 11 (C)."
Appellant argues that because he was not made aware of all the possible consequences of his guilty plea, that his December 7, 1995 plea was not made knowingly or intelligently. Appellant argues that Crim.R. 11 (C) requires that a guilty plea be made voluntarily, with an understanding of the nature of the charge, of the maximum penalty and of the effect of a guilty plea. Appellant argues that he was not and could not have been informed of the registration and notification consequences established by newly enacted R.C. Chapter 2950 because the law had not yet been passed when he pleaded guilty. Appellant cites no cases to support his theory.
In this argument, Appellant essentially challenges the trial court's acceptance of his guilty plea and sentencing pursuant to the judgment entry filed on December 8, 1995. Pursuant to App.R. 4 (A), an appeal which only comes before us now of that judgment entry is untimely. Accordingly, we need not address the merits of Appellant's argument and we must overrule Appellant's first assignment of error.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO THIS CASE AS THE STATUTE IS PUNITIVE IN NATURE AND THEREFORE VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LEGISLATION."
Appellant argues that Article I, Section 10 of the United States Constitution prohibits states from passing ex post facto
laws. Appellant argues that the primary intent of the statute, as well as its effect, should be examined to determine if it is punitive in nature. DeVeau v. Braisted (1960), 363 U.S. 144 andCollins v. Youngblood (1990), 497 U.S. 37. Appellant argues that R.C. Chapter 2950 is punitive because it imposes new obligations, interferes with the right of privacy and leads to public humiliation. Appellant also argues that the statute retroactively applies so that prior crimes are punished more severely.
In State v. Woodburn, (March 23, 1999), Columbiana App. No. 98-CO-6, unreported, this court followed State v. Cook (1998),83 Ohio St.3d 404, which held that R.C. Chapter 2950 did not violate the ex post facto clause of the United States Constitution. State v. Woodburn, 2. Based on that unambiguous holding, this assignment of error lacks merit.
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO APPELLANT AS IT IS VIOLATIVE OF THE PROHIBITION AGAINST RETROACTIVE LEGISLATION CONTAINED WITHIN THE OHIO CONSTITUTION."
Appellant argues that Article II, Section 28 of the Ohio Constitution prohibits the state legislature from passing retroactive laws. Appellant argues that the retroactive application of R.C. Chapter 2950 causes him to lose rights: the right to live free of public censure, the right to relocate on a moment's notice and the right to privacy. Appellant also argues that R.C. Chapter 2950 creates new disabilities, because prior to the 1997 revisions of R.C. Chapter 2950, Appellant would not have been subject to registration requirements.
In State v. Cook, supra, the Ohio Supreme Court expressly stated that the provisions of R.C. Chapter 2950 do not violate the Ohio Constitution's prohibition against retroactive laws.Id., at 413. Accordingly, we hold that this assignment of error lacks merit.
Appellant's fourth assignment of error alleges:
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO APPELLANT AS THE REGISTRATION AND NOTIFICATION REQUIREMENTS CONTAINED WITHIN THE STATUTE VIOLATE THE PROHIBITION OF THE INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT CONTAINED WITH IN THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
Appellant argues that the registration and notification provisions of R.C. Chapter 2950 are a form of punishment. He claims that there is considerable uncertainty as to how to applyEighth Amendment scrutiny to sexual offender registration laws, citing Artway v. Attorney General (D.N.J. 1995), 876 F. Supp. 666,678. The Artway court found that New Jersey's sexual offender registration served as punishment, but did not specifically rule on whether it was cruel and unusual punishment. Id. Appellant urges this Court to make that determination.
Appellant's only cited authority has been overturned specifically as to this issue. Artway v. Attorney General
(C.A.3 1996), 81 F.3d 1235 held that New Jersey's Sexual Offender Registration Act was not a form of punishment by any measure of the term. Id., 1267. Likewise, in State v.Woodburn, supra, we concluded that Ohio's R.C. Chapter 2950 is remedial, not punitive, in nature. Id., 3. We did not specifically address the issue of whether or not R.C. Chapter 2950 is cruel and unusual punishment. Nevertheless, by determining that R.C. Chapter 2950 is not punishment in any form, there can be no argument that it is cruel and unusual punishment. Accordingly, this assignment of error lacks merit.
Appellant's fifth assignment of error alleges:
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO APPELLANT AS THE STATUTE VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY."
Appellant argues that R.C. Chapter 2950 violates the right of privacy guaranteed in Roe v. Wade (1973), 410 U.S. 113 andGriswold v. Connecticut (1965), 381 U.S. 479. Appellant argues that his right to maintain personal information outweighs the public's legitimate interest in that information. Appellant does not specifically state how his right to privacy is violated by R.C. Chapter 2950, but concludes that under any analysis his right to privacy is violated.
In State v. Woodburn, supra, we expressly stated that the right to privacy has been found to be fundamental only in the context of marriage, sex and reproduction. Id., 4. We further stated that even if the right to privacy could be applied to instances of damage to one's reputation, it could not apply in the context of R.C. Chapter 2950. State v. Woodburn, 6. We presume that Appellant seeks to protect his privacy by preventing future disclosure of his criminal record. However, a criminal record is, of course, public information subject to dissemination. Id. This assignment of error lacks merit.
Appellant's sixth assignment of error alleges:
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO APPELLANT AS SUCH APPLICATION VIOLATES RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW."
R.C. Chapter 2950 does not apply to all past sex offenders, but only to those serving their sentences as of its effective date. Appellant argues that there is no rational basis to distinguish between current and former prisoners. Appellant argues that creation of this special class, and the imposition of special sanctions on that class, violates the Equal Protection Clause of the Fourteenth Amendment.
We have addressed this precise issue in State v. Woodburn,supra. In Woodburn, we stated that a statutory classification which does not involve either a suspect class or a fundamental right does not violate the Equal Protection Clause so long as it bears a rational relationship to a legitimate governmental interest. Id., 4. We noted that equal protection does not forbid a statute from having a beginning effective date which would discriminate between rights at an earlier and later time. Thus, we upheld the application of R.C. Chapter 2950 to offenders in the criminal justice system at the time of the statute's enactment on the basis that, "* * * administrative convenience requires that such a structure be utilized." Id., at 5. This assignment of error lacks merit.
 "THE TRIAL COURT ERRED IN APPLYING H.B. 180/R.C. § 2950 TO APPELLANT AS SUCH APPLICATION VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE U.S. AND OHIO CONSTITUTIONS."
Appellant argues that registration requirements of R.C. Chapter 2950 are based on prior acts for which he has already been tried, convicted and partially served his sentence. Appellant argues that since the registration requirements are not based on any new illegal activity he has engaged in, R.C. Chapter 2950 places him in double jeopardy for the same prior act, and that the statute is therefore unconstitutional.
In State v. Woodburn, supra, we determined that the registration requirements of R.C. Chapter 2950 do not constitute double jeopardy as the statute is remedial, not punitive, in nature. Id., 3. This assignment of error also lacks merit.
For all the foregoing reasons, we affirm the judgment of the trial court.
Donofrio, J., Vukovich, J., concurs.
 APPROVED: ________________________ CHERYL L. WAITE, JUDGE